IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STANLEY DEWAYNE WILSON,           § | |
|                Petitioner,            § | |
|                                        § | |
| v.                                                         § | Civil Action No. 4:08-CV-638-Y |
|                                        § | |
| NATHANIEL QUARTERMAN, Director,   § | |
| Texas Department of Criminal Justice,    § | |
| Correctional Institutions Division,              § | |
|               Respondent.         § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Stanley Dewayne Wilson, TDCJ-ID #1364436, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In 2005 Wilson was charged in state court with capital murder in the death of Sandro Reyes

at the Cypress Clubs Apartments in Tarrant County, Texas. (Clerk's R. at 2)  A jury found Wilson guilty and he received a mandatory life sentence. (*Id.* at 53; Reporter's R., vol. 4, at 151)  Wilson appealed his conviction, but the Second District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Wilson's petition for discretionary review. *Wilson v. Texas*, No. 2-06-136-CR, slip op. (Tex. App.–Fort Worth June 28, 2007) (not designated for publication); *Wilson v. Texas*, PDR No. 1259-07.  Wilson also sought postconviction state habeas review of his conviction to no avail. *Ex parte Wilson*, Appl. No. WR-70,270-01, at cover.  This federal petition followed.

The evidence at trial reflected that Dawn Fuller, Reyes's neighbor, observed Wilson and Reyes arguing in the apartment parking lot after Reyes parked and exited his truck.  Fuller could not understand the words spoken, but the discussion appeared angry and got louder as Wilson kept asking whatever he was asking Reyes.  Wilson pointed a gun at Reyes, who stood with his hands at his sides and made no attempt to fight.  Wilson shot Reyes in the chest, killing him.  Wilson dropped the gun and went through one of Reyes's pockets.  Wilson took Reyes's wallet and keys, walked to Reyes's truck, walked back to retrieve the gun, and drove away in Reyes's truck.  While attempting to flee the scene, Wilson drove the truck into a drainage culvert, and fled on foot. (Reporter's R., vol. 3, at 8-57, 212)  Wilson flagged down Larea Buckley, and she let him get in the car.  Wilson was sweating and acting nervous, and Buckley realized she had made a mistake by allowing Wilson to get in the car.  She returned to her friend Thomas Stewart's house, where Stewart refused to drive Wilson to Dallas.  As he appeared to be walking away, Wilson turned and shot Stewart five times.  When Wilson ran out of bullets, Stewart kicked the gun from Wilson's hand and hit him in the face with his shoulder.  Stewart blacked out for a moment, and Wilson ran away.

(*Id.* at 60-93)  Four  days later, Wilson was arrested at his sister's apartment in Dallas. (Reporter's R., vol. 4, at 20-21)  Fingerprint, firearms, and DNA evidence placed Wilson at both crime scenes. (Reporter's R., vol. 3, at 257-70; vol. 4 at 78-83, 108)

### D.  ISSUES

Wilson claims he was denied effective assistance of trial counsel.  (Petition at 7)

### E.  RULE 5 STATEMENT

Quarterman believes that Wilson has exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1).

### F.  DISCUSSION

#### 1.  Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.

*Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *See Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### 2. Ineffective Assistance of Counsel

Wilson claims his trial counsel was ineffective by failing to (1) conduct an independent investigation, (2) prepare a defense for trial, (3) interview and question Fuller, (4) object to the state's improper closing argument, (5) request a mistrial and a new jury, (6) preserve a record of voir dire, and (7) present a coherent argument at trial and by making an incriminating statement during closing argument. (Petition at 7; Pet'r Memorandum at 1-32)

A criminal defendant has a Sixth Amendment right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Strickland*, 466 U.S. at 687, 697. A court must indulge a strong

presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Applying the *Strickland* attorney performance standard, and based largely on counsel's affidavit, the state habeas court entered factual findings refuting Wilson's allegations and concluded counsel rendered effective representation. The state court further concluded that given the evidence that Wilson committed capital murder, there exists no reasonable probability that the jury would have reached a different result or verdict if he had had other counsel. (State Habeas R. at 52-62) The Texas Court of Criminal Appeals denied Wilson's state habeas application without written order on the findings of the trial court. This constitutes an adjudication on the merits by the state court and is entitled to the presumption of correctness. Thus, we defer to the state court's determination unless it appears the decision was contrary to or involved an unreasonable application of *Strickland* or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

Wilson claims trial counsel was ineffective by failing to conduct an independent investigation into the evidence, facts, and circumstances of the case. Counsel testified in his affidavit that in preparation of trial he read all of the written reports relating to Wilson's case, reviewed the transcripts of the grand jury testimony, visited the crime scenes to gain a fuller understanding of the facts of the case and charges against Wilson, interviewed numerous witnesses, including two unindicted co-defendants and several of Wilson's family members, attempted to

5

contact Fuller, who did not respond to his telephone calls, conducted independent research on each of the extraneous offenses listed in the state's notice, determined that there were no witnesses who could testify on Wilson's behalf, and determined that Wilson could not take the stand without committing perjury or admitting the offenses. Based on this testimony, the state habeas court concluded that counsel had thoroughly investigated and prepared for Wilson's defense. (*Id.* at 57-58)

Wilson claims counsel was ineffective by failing to prepare a defense, preserve a record of the voir dire proceedings and raise a *Batson* claim, make a coherent argument to persuade the jury to doubt and disbelieve the state's witnesses, and request a mistrial and a new jury after it was discovered that a juror was asleep during trial and by making incriminating statements during his closing argument to the effect that if guilty, Wilson was guilty of only murder. On these matters, counsel testified that, based on his investigation and the overwhelming evidence of Wilson's guilt, he concluded that their best strategy was to receive a conviction on a lesser offense since an acquittal was not likely forthcoming. After the trial court refused to charge the jury on a lesser included offense, he was left with the strategy of asking for an acquittal based on reasonable doubt. (*Id.* at 58) Counsel stated that he did not make a *Batson* challenge because he did not think any was appropriate. After discussing the matter with Wilson, he did not request a transcription of the voir dire examination because it was not necessary. Counsel also explained that any incriminating statements made by him were made in furtherance of their trial strategy that Wilson should be acquitted of the greater capital murder. (*Id*. at 58) Finally, counsel averred that he did not notice any juror sleeping through Wilson's trial nor did he know whether there ever was a sleeping juror. (*Id*. at 59) The state habeas court found counsel's testimony credible and noted that strategic

6

choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable in response to an allegation of ineffective assistance of counsel. The state court determined that counsel made reasonable strategic choices and that the Texas Court of Criminal Appeals would presume trial counsel made all significant decisions in the exercise of reasonable professional judgment. (*Id.* at 59)

Wilson claims counsel was ineffective by failing to object to the prosecutor's improper closing argument. He complains of the following argument:

> Ladies and gentlemen, the State in this case is asking you for justice. Your community is asking you for justice. Sandro's family, who has been here throughout the trial, is asking you for justice. And Sandro himself is asking you for justice. (Reporter's R., vol. 4, at 136)

A plea for law enforcement is permissible in Texas. *See Berry v. Texas*, 233 S.W.3d 847, 859 (Tex. Crim. App. 2007). Moreover, improper prosecutorial remarks are a sufficient ground for habeas relief only if they are so prejudicial that they render the trial fundamentally unfair. *See Harris v. Cockrell,* 313 F.3d 238, 245 (5th Cir. 2002). Counsel testified that he did not recall any improper arguments made by the state prosecutors. (State Habeas R. at 58). Counsel is not required to make frivolous objections. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995)

Wilson has not demonstrated that the state court's adjudication of his ineffective assistance claims involves an objectively unreasonable application of the *Strickland* standard or was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. Even if we assume *arguendo* that Wilson received ineffective assistance of counsel on one or more of his claims, in light of the overwhelming evidence supporting the jury verdict, there is no reasonable probability of a different outcome. *See Green v. Lynaugh*, 868 F.2d 176, 177 (5th Cir. 1989).

## II. RECOMMENDATION

Wilson's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 20, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 20, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing

8

date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 29, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

9